UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| YUSUF KALAYCI, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26-CV-56-CCB-SJF |
| KRISTI NOEM, SAMUEL J. OLSON, TODD M. LYONS, and BRIAN ENGLISH, | |
| Respondents. | |

## OPINION AND ORDER

Immigration detainee Yusuf Kalayci, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. (ECF 1.) For the reasons stated below, the petition is granted, and the government is ordered to release him forthwith.

Mr. Kalayci is a 37-year-old Turkish national who arrived in the United States on September 18, 2024. (ECF 1-1; ECF 1-3.) He was immediately taken into custody by Immigration and Customs Enforcement (ICE) agents, but two days later he was released on his own recognizance. (ECF 1-2.) He filed an application for asylum, which remains pending, and was issued a work permit that is valid through May 2030. (ECF 1-3.) In November 2025, he was taken into custody when he appeared for an ICE check-in at a New York field office pursuant to his release conditions. The government has initiated removal proceedings against him, which remain pending. (ECF 1-1.) He is being held at Miami Correctional Facility (MCF), and argues that his continued detention violates the

applicable statutory structure, the Due Process Clause of the Fifth Amendment, and the Administrative Procedures Act (APA), 5 U.S.C. § 706 *et seq.*

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 7.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents have answered the petition (ECF 12), and Mr. Kalayci has waived the opportunity to file a reply (ECF 13).

The Respondents repeat their arguments from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Kalayci's detention is warranted by § 1225(b)(2) because he is "seeking admission" within the meaning of that statute. (ECF 12.) These arguments were rejected in *De Jesús Aguilar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to

2

individuals who are arrested in the interior of the United States. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Kalayci who are arrested within the interior of the country well after their arrival. Finding Mr. Kalayci to be an applicant "seeking admission" is particularly untenable, given that ICE chose to release him into the country and issue him a work permit in 2024. *See Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *10 (S.D.N.Y. Nov. 26, 2025) (concluding that § 1225(b)(2) "neither authorizes nor justifies the mandatory detention of noncitizens who, like Mr. Barco, entered the country illegally but were released on bond . . . pending the completion of removal proceedings and were 'found' in the United States while living here pursuant to that bonded release"); *see also Salvador v. Bondi*, No. 2:25-CV-07946-MRA-MAA, 2025 WL 2995055, at *7 (C.D. Cal. Sept. 2, 2025) ("[W]hen Petitioner crossed the border and was apprehended, the government did not classify him as an applicant for admission subject to expedited removal. That Petitioner should now—approximately four years after entering the country and being released by [the government]—be treated as an 'applicant for admission' defies logic.").

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the

3

[noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude 8 U.S.C. § 1226(a). The Respondents do not argue or provide documentation to show that Mr. Kalayci was arrested pursuant to a warrant, such as for violation of the terms of his bond, so as to trigger application of § 1226(a).[1] Instead, they rest on the previously rejected argument that his detention is proper under § 1225(b)(2). The court concludes that Mr. Kalayci is entitled to release as the removal process unfolds or until the government pursues other options available to it.[2]

For these reasons, the court:

(1) **GRANTS** the petition for a writ of habeas corpus and ORDERS respondents to release Yusuf Kalayci immediately from custody and to certify compliance with this order by filing a notice with the court by **January 28, 2026**;

(2) **DIRECTS** the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure Yusuf Kalayci's release; and

---

[1] Respondents submit no documentation pertaining to Mr. Kalayci with their response, and instead submit documentation related to the petitioner in *De Jesús Aguilar*, presumably to preserve their arguments raised in that case. (*See* ECF 12-1.)

[2] Because the court concludes that his detention is unlawful under the applicable statutory scheme, the court does not reach his alternate argument that his detention violates the Fifth Amendment Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also finds it unnecessary to address his APA claim, since the relief requested—immediate release—is being granted on other grounds. The court notes, however, that it is unclear whether petitioners in this Circuit can assert an APA claim within a habeas petition. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (recognizing legal distinction between habeas cases and civil actions brought under APA, which have different filing fees and exhaustion provisions); *Carrera-Valdez v. Perryman*, 211 F.3d 1046, 1048 (7th Cir. 2000) (noncitizen's claim stemming from Attorney General's alleged violation of the APA during rule-making process "was not appropriate in habeas proceeding").

(3) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on January 26, 2026.

        /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT